UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-1952

HALIFAX CORPORATION,

Plaintiff - Appellant,

versus

WACHOVIA BANK, N.A.,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Gerald Bruce Lee, District Judge. (CA-03-578-GBL)

Submitted:  May 8, 2006                 Decided:  June 28, 2006

Before NIEMEYER, GREGORY, and SHEDD, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Robert W. Ludwig, Jr., LUDWIG & ROBINSON, P.L.L.C., Washington, D.C.; Henry St. John FitzGerald, Arlington, Virginia, for Appellant. Grady C. Frank, Jr., Thomas C. Junker, LECLAIR RYAN, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Halifax Corporation brought a civil action against Wachovia Bank, N.A., asserting diversity jurisdiction under 28 U.S.C. § 1332 (2000). Relying on our decision in Wachovia Bank v. Schmidt, 388 F.3d 414 (4th Cir. 2004), rev'd, 126 S. Ct. 941 (2006), Wachovia moved to dismiss for lack of diversity jurisdiction. The district court granted the motion. We vacate the district court's order and remand for further proceedings.

We review de novo a district court's Fed. R. Civ. P. 12(b)(1) dismissal for lack of subject matter jurisdiction. See Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Evans, 166 F.3d at 647 (quoting Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991)).

In Schmidt, we held that national banks are "located" under 28 U.S.C. § 1348 (2000), in every state in which they operate a branch office. 388 F.3d at 432. The district court relied on our decision to find that because Wachovia has branch offices in Virginia and Halifax is a citizen of Virginia, diversity jurisdiction did not exist under § 1348. While this case was pending on direct review, the Supreme Court reversed this court's judgment in Schmidt, resolving a circuit split and holding that for

- 2 -

the purposes of diversity jurisdiction, a bank is "located" in the state designated in its articles of association as its main office under § 1348. Schmidt, 126 S. Ct. at 952.

"When [the Supreme Court] applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule." Harper v. Virginia Dep't of Taxation, 509 U.S. 86, 97 (1993). We find that because this case was pending on direct review at the time of the Supreme Court's decision in Schmidt, it applies to this case.

Because the parties are citizens of different states, and the amount in controversy exceeds the $75,000 threshold set forth in § 1332, the requirements for jurisdiction have been satisfied. Accordingly, the judgment of the district court is vacated, and the case is remanded for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED